## H. F. Besosa & Co. *v.* Cadierno, López & Co.

### Appeal from the District Court of San Juan, Section 2.

#### No. 594.—Decided February 3, 1911.

Contradictory Evidence—Finding of Lower Court—Appeal.—In cases of contradictory evidence the conclusion reached thereon by the lower court shall be considered proper on appeal, unless it be shown that in so finding the court was influenced by passion, prejudice, or partiality, or that it committed a manifest error.

Libel—Malicious Writing Tending to Cause Injury.—Should the plaintiff fail to show that the communication considered by him to be injurious was maliciously written by the defendant, with no justifiable motive or excuse, or with the intention of causing harm, the existence of the libel cannot be considered as having been proven.

The facts are stated in the opinion.

*Mr. T. D. Mott, Jr.,* for appellant.

*Messrs. Hord & Scoville,* for respondent.

Mr. Justice Aldrey delivered the opinion of the court.

The mercantile firm of H. F. Besosa & Co., of this city, was since August 5, 1904, the only representative in this Island of the American Rice Brokerage Co., of Crowley, Louisiana, for the sale of rice, and in such capacity, on March 11, 1905, it contracted with the defendant, Cadierno, López & Co., for the sale of 1,500 bags of rice, standard No. 70, which formed part of a lot of 2,400 bags.

The two shipments arrived at the stipulated time, the first having been received without objection; but when the second came up it was rejected by the defendants, who, in their letter of April 28, 1905, to the plaintiffs, returning the invoice, stated that they did so for the reasons known to the plaintiffs.

A few days later the defendants wrote the following letter, which was received by the addressee and communicated by them to the plaintiffs:

"Per Str. *Philadelphia.*

"May 2, 1905.

"The American Rice Brokerage Co.,
          "Crowley, Louisiana.

"Gentlemen: The invoice of rice to which you refer in your letter of 18 ult. was handed, together with the goods, to your representatives, Messrs. H. F. Besosa & Co., whose receipt therefor is in our possession.

"This determination on our part is due only to the incorrect conduct of your representatives towards our firm—a circumstance which deprives us of the pleasure of sending you new orders through them, for although the article was everything that could be wished, there were other circumstances extremely prejudicial ·to our interests, and on no account would we give occasion for their repetition.

    "We remain, &c.,

                 "Cadierno, López & Co."

The plaintiffs, esteeming that this letter was injurious to them, filed a complaint for libel in the District Court of San Juan against the firm signing the same, claiming $20,000 damages, which case was decided by the Judge of Section 2, on June 21, 1910, who declared that the facts and the law were against the plaintiffs and dismissed the complaint with costs against the latter.

From this judgment the plaintiffs took an appeal on the 29th of the same month and year, which appeal was heard in this Supreme Court.

Three errors are alleged by the plaintiffs, which may be reduced to one, namely, that the lower court erred in finding in favor of the defendants and against the plaintiffs, because there is no evidence upon which to base a decision in favor of the defendants, the preponderance of evidence, on the contrary, calling for a judgment against the defendants and in favor of the plaintiffs.

Thus, then, the question raised by the appellant firm is

whether the evidence sustains the finding of the lower court, or, on the contrary, not only it does not sustain it, but is in favor of the appellants. In other words, that there is error in the consideration of the evidence on the part of the trial court.

This Supreme Court has repeatedly declared that where the evidence is contradictory it devolves upon the lower court to harmonize it as far as possible, and, at all events, to determine the conflict, as it did; and in the exercise of said power we do not find that it has acted with passion, prejudice, or partiality, or committed manifest error.

The divergence between the parties in the present case consists in that the plaintiff firm sustains that, without any reason and only for the purpose of injuring them in their interests, the defendant firm had written the letter hereinbefore transcribed, which gave rise to this action, and that if the defendants had refused to accept the second shipment of rice, they did so only because the plaintiffs would not accede to their demand of a deduction from the stipulated price, upon the plea that the rice was of inferior quality; while the defendants, on the other hand, sustain that when they bought the 1,500 bags of rice it was with the understanding that the remaining 900 bags completing the lot of 2,400 were sold for Arecibo, and as this did not turn out to be so, said 900 bags having been sold in San Juan, such irregularity on the part of Messrs. H. F. Besosa & Co. was what had prompted them to write the letter to the American Rice Brokerage Co.

The evidence in this case consists of sundry letters of Messrs. H. F. Besosa & Co. addressed to their principals, the American Rice Brokerage Co., and of the testimony of Harry F. Besosa, of the plaintiff firm, that of Segundo Cadierno, of the defendant firm, and Jesús Meléndez, as the other witnesses, Carlos Conde and Evaristo Freiría, called in by the plaintiff, were unable to furnish any information to the court, they declaring not having heard the conversation between the plaintiff and the defendant when the second shipment of rice

was rejected; and Manuel Padial brought nothing to the trial upon the points under discussion.

Thus, then, the evidence as to whether or not the condition governing the purchase of the 1,500 bags of rice by Cadierno, López & Co. had been that the remaining 900 bags should be sold in Arecibo, turned out contradictory, since Besosa and Cadierno testified in conflicting terms, the latter being corroborated by Jesús Meléndez.

Again, the evidence as to whether the refusal to receive the second shipment of rice was due to its inferior quality or to the sale of the remaining 900 bags in San Juan, likewise turned out contradictory, because each of the only witnesses, Besosa and Cadierno, sustained the averments set up in his allegations.

There existed, then, contradictory evidence upon both points, and the judge who took cognizance of the case and heard the witnesses, decided in favor of the defendant's evidence, thus exercising the power which is vested in him by the law to estimate the value of the testimony and decide in case of contradiction.

But when the judge thus decided he was supported by other evidence which undoubtedly led him to that conclusion.

It is a certain fact that the balance of the same lot of 2,400 bags, No. 70, of which Cadierno, López & Co. purchased 1,500, was sold to Successors of López Villamil & Co., of San Juan, and that 600 had arrived here simultaneously with the first delivery to the defendants, although this fact became known to the latter after they had paid for said lot, and when removing it from the wharf. It is likewise certain that while Cadierno, López & Co. were paying at $2¼ or $2.25 per bag López, Villamil & Co. paid for them at the rate of $2.22½.

This sale of the balance of the lot to Successors of López, Villamil & Co. Mr. Besosa could not remember at the trial, albeit the fact was of such importance that on it was based the defense of the defendants, and the entry of the operation must have appeared on his books.

It seems most reasonable in the natural order of things that a merchant should seek to avoid competition in an article of commerce, which must necessarily prove more unprofitable to him, if he buys it dearer than his competitor. Therefore it is credible that Cadierno, López & Co. should have imposed the condition that the balance of the lot be sold outside their market; and the nonfulfilment of this condition by the vendors, aggravated by the sale at a lower figure to another merchant, was doubtless the cause of the defendants' falling out with H. F. Besosa & Co. which led to their writing the letter deemed libelous by the plaintiffs.

And that this was their reason for refusing to accept delivery of the second shipment, and not the bad quality of the rice, is borne out by the fact of their writing a few days after the letter of May 2 to the American Rice Brokerage Co., charging the plaintiffs with irregularity in their dealings, and admitting that the rice was of good quality.

They did not know at the time that they were to have a suit at law with the plaintiffs, and if this had not been the true cause, it seems that it was more to the purpose to tell the truth, as claimed by the plaintiffs, that the rice was of inferior quality and a reduction on that account had been refused them.

Moreover, several letters, prior to the rupture of the litigants, exchanged between H. F. Besosa & Co. and the American Rice Brokerage Co. show that their relations were strained and that there was not the best of harmony between them.

The trial judge, therefore, properly dismissed the complaint against the defendant firm, because, upon construing the letter, it was found not to be libelous, according to the preponderance of the evidence.

Correctly weighing said evidence he concluded that the aforesaid letter had not been written maliciously—that is, without just cause or excuse and for the purpose of doing a wrong—and also that it had not been proven that by reason

thereof the plaintiffs had lost their agency of the American Rice Brokerage Co.

The appellant is right in saying that the fact of the long pendency of this suit is no ground for concluding that the interests of the plaintiff have sustained no loss; and although the trial judge expresses the contrary in his opinion, we think that this was not the reason he had for deciding as he did, but the other one mentioned by him, namely, that the preponderance of the evidence was not in favor of the plaintiffs, but led to the conclusion that the letter was not libelous.

For the foregoing reason we are of the opinion that the judgment should be affirmed, with costs against the appellant.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.